PER CURIAM. The order appealed from should be affirmed on the ground that the admission of the testimony of the police captain was error.

Order affirmed, with costs.

---

### LIPPMANN et al. v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1908.)

CARRIERS—CARRIAGE OF GOODS—DELAY IN DELIVERY—SPECIAL CONTRACT—LACK OF CONSIDERATION.

> A promise, without consideration, made by defendant's railroad agent at W. to use his best efforts to deliver to plaintiff, at 3 a. m., goods arriving at night, will not support an action for damages for failure to so deliver goods shipped several years afterwards from a station in another state, without any contract by the agent at that point to deliver other than in the ordinary course of business.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Samuel Lippmann and Julius Lippmann against the Pennsylvania Railroad Company.   From a judgment dismissing the complaint, plaintiffs appeal.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frank Herwig, for appellants.
William F. Allen, for respondent.

WOODWARD, J.   The plaintiffs bring this action to recover damages alleged to have been sustained by reason of a failure on the part of the defendant to deliver certain tomatoes in time for the fulfillment of the plaintiffs' contract with third parties.   The plaintiffs claim that some four or five years ago they entered into an agreement with the defendant's agent at its Wallabout station, in the borough of Brooklyn, to the effect that car loads of tomatoes arriving in Jersey City during the night, notice of which was to be conveyed to the defendant, should be delivered at the Wallabout station by 3 o'clock in the morning.   Plaintiffs say that this agreement was performed on the part of the defendant until on the morning of July 16, 1906, when a car load of tomatoes, which were then in the possession of the defendant at the Wallabout station, were refused delivery until 5 o'clock in the morning, at which time their proposed customer had been supplied by other parties.   The learned trial court, after hearing the evidence, decided that the plaintiffs had failed to establish the cause of action, and dismissed the complaint, with costs; the plaintiffs appealing to this court.

We are unable to discover that this alleged agreement with the defendant's local agent was anything more than a promise on the part of the latter to use his best efforts to deliver goods to the plaintiffs at 3 o'clock in the morning, falling short of a contract binding upon the defendant, for the very good reason that it is wholly without consideration.   There is nothing in the case to show that the defendant was

notified of the alleged fact that the goods expected had been contracted to be delivered at any certain time, and the claim of damages of 25 cents per crate, the difference between the alleged contract price and the price which the goods are conceded to have brought later in the day, has no proper basis in the pleadings or the evidence. Moreover, the plaintiffs allege that the car, No. 101,863, in which the goods were shipped, was at the Wallabout station at 3 a. m. of the day in question, but that the defendant refused to deliver the same. Upon this point there was a conflict of evidence, and the testimony largely preponderates that the particular car designated did not arrive at the defendant's Wallabout station until 8 :45 on the morning in question, and that the tomatoes were delivered to the plaintiffs immediately thereafter. The trial court was justified in finding this fact upon the evidence, and, the evidence failing to establish the facts alleged in the complaint as the basis of the cause of action, the complaint was properly dismissed.

We are of opinion, however, that in any event the plaintiffs would not be entitled to recover, for there is no binding contract shown calling upon the defendant to make deliveries at 3 o'clock in the morning. The contract of shipment was made by the defendant's agent at Swedesboro, N. J., and nothing is shown to indicate that there was any contract to deliver, otherwise than in the ordinary course of business. The alleged contract between the defendant's local agent at Wallabout station some four or five years before, and which was without any consideration, and which the local agent denies having made, is clearly insufficient to justify the plaintiffs' claim.

The judgment appealed from should be affirmed, with costs. All concur.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.